# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

JASON JARRIEL HARRIS,                         )
                                              )
    Plaintiff,                            )
                                              )
v.                                            )      No. 4:26-CV-00075-DGK
                                              )
HARRAH'S NORTH KANSAS CITY, LLC,              )
                                              )
    Defendant.                            )

## ORDER DENYING MOTION TO REMAND AND MOTION TO DISMISS

This is a personal injury action. Plaintiff Jason Jarriel Harris was at Harrah's Kansas City Hotel & Casino ("Harrah's Casino") when he was assaulted by another patron. Plaintiff sustained significant injuries. Plaintiff then filed a one-count negligence lawsuit against Harrah's North Kansas City, LLC in the Circuit Court of Clay County, Missouri. Defendant removed to this Court based on alleged diversity jurisdiction.

Now before the Court are: (1) Defendant's motion to dismiss for failure to state a claim, ECF No. 5; and (2) Plaintiff's motion to remand, ECF No. 7.

For the reasons discussed below, both motions are DENIED.

### Standards of Review

A defendant may remove a case to federal court when the case falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). If the case is not within the Court's original jurisdiction, the Court must remand the case to the state court from which it was removed. *Id.* § 1447(c). Where a party removes based on the Court's diversity jurisdiction, the removing party bears the burden of proving the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Background

Plaintiff went to Harrah's Casino on January 1, 2024, and encountered three men in a verbal altercation in the restroom. Plaintiff attempted to de-escalate the conflict by asking them to calm down and leave the restroom. One of the individuals involved in the altercation then attacked Plaintiff, striking his head, face, and ears multiple times. Several minutes later, security arrived and removed the assailant from the premises. Plaintiff was also forced to leave without any medical attention or further security assistance. As a result of the incident, Plaintiff suffered such significant injuries that he had to undergo surgery.

In November 2025, Plaintiff filed this one-count negligence lawsuit against Defendant in the Circuit Court of Clay County, Missouri. Defendant then removed to this Court based on diversity jurisdiction. Based on its corporate disclosure in this case, Defendant is owned by a line of limited liability companies and corporations. ECF No. 8. Defendant's sole member is CEOC LLC, CEOC LLC's sole member is Caesars Growth Partners LLC, Caesars Growth Partners LLC sole member is Caesars Holdings, Inc., and Ceasars Holdings, Inc. is owned by Caesars

2

Entertainment, Inc. *Id.* The latter two entities are Delaware corporations with their principal places of business in Nevada. *Id.* Plaintiff is a resident of Kansas. ECF No. 1-1 at 1.

### Discussion

Defendant seeks to dismiss this case for failure to state a claim, while Plaintiff seeks to remand the case back to state court for lack of diversity jurisdiction. The Court addresses the remand issue before turning to the dismissal issue.

### I.      Defendant has shown that diversity jurisdiction exists.

Plaintiff argues that Defendant has failed to carry its burden of establishing diversity jurisdiction because it has not proven diversity of citizenship or that this case meets the amount in controversy threshold. Defendant argues in opposition that both elements have been met.

Defendant has the better arguments. On the citizenship issue, once you drill down through the web of various sole member limited liability companies, you get two Delaware corporations which have their principal places of business in Nevada. That means they are citizens of Delaware and Nevada for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1); *Cleek v. Ameristar Casino Kansas City, LLC* 47 F.4th 629, 635 (8th Cir. 2022) ("Because BGC is Boyd's only member, Boyd is a Nevada Citizen, and because Boyd is Ameristar's only member, Ameristar is a citizen of Nevada as well.").[1] And since Plaintiff is a citizen of Kansas, there is complete diversity.

On the amount in controversy front, because Plaintiff contested this issue, Defendant submitted settlement communications between the parties showing that Plaintiff sought at least $250,000 for his medical bills, physical injuries, emotional injuries, and loss of income. *See Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016) (noting that

---

[1] Neither party cited the *Cleek* case, which basically decides this issue. The parties are reminded to fully comply with the Initial Standing Order's ("ISO") directive that they must cite binding legal authority, and if they do not find any on a particular issue, they shall state none exists. *See* ECF No. 2 at 4. Any further violations of the ISO may result in the imposition of sanctions, including imposition of monetary fines or dismissal of the case.

3

settlement correspondence from a plaintiff can be proof of amount in controversy sufficient to make a case removable).  In fact, in his reply brief, Plaintiff effectively abandons his argument on this point by not addressing Defendant's proof.  Thus, the Court also finds that the amount in controversy threshold is met here.

Based on the current record, the Court finds that Defendant has established that the Court has diversity jurisdiction over this case.  Thus, Plaintiff's motion to remand is DENIED.

**II.      Defendant has not shown that Plaintiff has failed to state a claim.**

Defendant argues that Plaintiff has failed to allege a plausible negligence claim against it. Plaintiff counters that the complaint alleges sufficient facts.

Accepting the allegations as true, Defendant has not shown that Plaintiff's negligence claim is deficiently pled.  *See Twombly*, 550 U.S. at 570.  By so ruling, the Court is not suggesting that the allegations in the complaint have any merit or that Defendant may not prevail on these arguments on a more developed record.  The Court is simply saying that dismissal is not proper at this stage.

Thus, Defendant's motion to dismiss is DENIED.

### Conclusion

For the forgoing reasons, the motions are DENIED.

**IT IS SO ORDERED.**

Date:   June 3, 2026      /s/ Greg Kays
                          GREG KAYS, JUDGE
                          UNITED STATES DISTRICT COURT

4